

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0799-19

### THE STATE OF TEXAS

### v.

### SHEILA JO HARDIN, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### NUECES COUNTY

KELLER, P.J., filed a dissenting opinion in which YEARY and KEEL, JJ., joined.

Is it legal for a car to straddle a lane for ten minutes, with each half of the car in a different lane, as long as doing so is not unsafe? Under the Court's opinion, the answer is "yes," but under the statute the answer is clearly "no."

Section 545.060 of the Transportation Code provides:

(a) An operator on a roadway divided into two or more clearly marked lanes for traffic:

(1) shall drive as nearly as practical entirely within a single lane; and

(2) may not move from the lane unless that movement can be made safely.

Because subsections (1) and (2) are connected by an "and," a driver is required to follow both subsections. Failure to comply with either one of the subsections constitutes a failure to comply with the statute. Under the plain language of Subsection (1), then, the driver must drive as nearly as practical entirely within a single lane, even if it would be safe not to do so.

The Court contends that the statute's use of the conjunctive word "and" means that an offense occurs only if both subsections are violated, but the Court has it backwards. This statute does not by itself create a criminal offense. Like most of the "Rules of the Road" provisions of the Transportation Code, it imposes requirements upon drivers, and a different statute provides that a failure to comply with one of the "Rules of the Road" constitutes a criminal offense.[1] For a statute that directly creates an offense, the use of the word "and" would ordinarily suggest that all of the joined elements must be committed before there is an offense. For example, a person commits aggravated robbery if he commits robbery "and" he causes serious bodily injury.[2] If a person fails to commit one element, he has not violated the statute. But for a statute that imposes requirements, the use of the word "and" would ordinarily suggest that the statute *has* been violated if a person fails to commit even one of the joined requirements. For example, a statute requires the operator of a vehicle involved in an accident resulting in injury, death, or property damage to:

> (1) give the operator's name and address, the registration number of the vehicle the operator was driving, and the name of the operator's motor vehicle liability insurer to any person injured or the operator or occupant of or person attending a vehicle

---

[1] *See* TEX. TRANSP. CODE § 542.301(a) ("A person commits an offense if the person performs an act prohibited or fails to perform an act required by this subtitle.").

[2] TEX. PENAL CODE § 29.03.

involved in the collision;

(2) if requested and available, show the operator's driver's license to a person described by Subdivision (1);  and

(3) provide any person injured in the accident reasonable assistance, including transporting or making arrangements for transporting the person to a physician or hospital for medical treatment if it is apparent that treatment is necessary, or if the injured person requests the transportation.[3]

The conjunction "and" is used both in the first subsection and in connecting the three subsections. A driver in an accident described above must comply with all of the requirements in the statute.  He must give his name, address, registration number, and insurance carrier.  He must show his operator's license if requested and available, and he must provide reasonable assistance to any person injured in accordance with the third subsection. If he fails to comply with even one of these requirements, he has violated the statute.  Because Section 545.060 is likewise structured as a requirements statute rather than as an offense statute, the word "and" serves a function opposite to what it would ordinarily serve in a statute that directly creates an offense.

I agree with the Court that there is some interconnection between the subsections, but I disagree with its conclusion that this means that the subsections do not impose independent requirements.  While the requirements in these subsections are related, they are nevertheless distinct. The first requirement sets a general rule that a driver must drive entirely within a single lane and sets an exception when following this general rule is not "practical."  Even when the exception applies—when driving within a single lane is not practical—the driver must still follow the second requirement of moving from the lane only when it can be done safely.

---

[3]  TEX. TRANSP. CODE § 550.023.  A violation of this statute is criminalized under other statutes.  *See id.* §§ 550.021(a)(4), (c), 550.022(a)(3), (c).

One can see how these provisions work together when a driver changes lanes. A driver cannot drive within a single lane when changing lanes, so the "as nearly as practical" language of the first subsection allows the driver to briefly drive in more than one lane while changing lanes. But the driver who changes lanes must still follow the second subsection and change lanes only when it can be done safely. And when the lane change is complete, the general rule from the first subsection applies and requires the driver to again drive entirely within the new lane.

Another example of how these provisions work together is when a driver sees an obstacle in his lane. An obstacle in the lane might make driving within a single lane impractical. The driver might need to briefly move partially into another lane to avoid the obstacle before moving back entirely within the original lane. But the driver in that situation is still subject to the second subsection's requirement that he move into the other lane only when it is safe to do so.

The Court concludes that reading the two subsections as independent requirements would render Subsection (2) meaningless because any movement from a single marked lane would result in the commission of an offense regardless of whether it is "safe." But this overlooks the words "as nearly as practical." In fact, the Court's construction renders Subsection (1) meaningless. If all the legislature cared about is whether a driver could move from his lane safely, then the statute would need only Subsection (2). There would be no need at all for Subsection (1) and its practicality standard.

Relying on a recent version of Merriam-Webster's dictionary, the Court defines "nearly" as "almost but not quite," and concludes that a motorist is not actually required to maintain a single marked lane under Subsection (a)(1) but that, instead, he must "almost, but not quite stay within the lane." But the Court overlooks the grammatical context in which the word "nearly" is found, and

there are other definitions that better fit that context. None of the usage examples on the Merriam-Webster website track the context in which "nearly" appears in our statute, with an "as" on each side of the word. But the Oxford English Dictionary has examples that do. Under one entry, "With close approximation or near approach (to some state or condition, etc.),"[4] the examples are "As nearly as a I may, I'll play the penitent to you" and "As nearly prime minister as any English subject could be under a prince of William's character."[5] Under the "close approximation" definition, the statutory wording requires a driver to drive entirely within a single lane in as close an approximation as practicality dictates. Such a requirement dictates driving entirely within the lane unless an exceptional circumstance makes doing so impractical.

The Court further concludes that reading the subsections as independent requirements renders Section 545.103 of the Transportation Code meaningless. Again, I disagree. The Court points to the portion of the statute that provides, "An operator may not . . . move right or left on a roadway unless movement can be made safely."[6] The language about moving right or left on a roadway safely would cover moving on a road that has no marked lanes. This safe-movement requirement does not conflict with a requirement that a driver stay entirely within a marked lane when practical, even if not needed for safety purposes.

The Court also points out that the statute did not always contain subsection divisions and that the two requirements were at one time phrased as part of the same sentence. But they were always two requirements—one with a practicality standard and the other with a safeness standard. My

---

[4] *Nearly*, THE OXFORD ENGLISH DICTIONARY (2nd ed. 1989) (entry 6).

[5] *Id.* (spelling modernized under first example).

[6] TEX. TRANSP. CODE § 545.103.

construction of the current statute would apply just as well to the previous version.

In this case, even though Appellant's driving might not have been unsafe, she nevertheless failed to drive as nearly as practical within a single lane. She could have rounded the curve while staying entirely within the lane, but she did not. Consequently, she violated the statute and there was a sufficient basis for the stop.

I respectfully dissent.

Filed: November 2, 2022

Publish